[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, 37, whose birth name was Stachyra, and the defendant, 45, married on June 11, 1984 at Stamford, Connecticut. Jurisdiction is founded on the defendant's continuous residence in this state for the past several years prior to the filing of the complaint which was returnable to May 9, 1995. One child was born issue of the marriage, Ameta d.o.b. January 10, 1986.
The plaintiff was a homemaker throughout the marriage until October 8, 1994 when she vacated the marital home after a confrontation with the defendant, moving to Harris County, Texas with the child. She then petitioned the Family District Court for Harris County, Texas in June, 1995 for custody, (Plaintiff's Exhibit #1). That court entered a temporary order, ordered the defendant be given notice that the plaintiff was seeking sole custody (Plaintiff's Exhibit #2). The defendant did not appear, was defaulted, and the court then found it had jurisdiction and ordered sole custody be given the plaintiff with visitation to be supervised by plaintiff and in her sole discretion. That court then deferred the issue of child support, allowing this court to act upon the issue as part of its dissolution judgment.
The plaintiff had assets of about $10,000.00 and the defendant brought $10,000.00 to the marriage. The defendant began a mason contracting business in 1984 which he still conducts as a single proprietor. The plaintiff did the bookkeeping for the business. CT Page 3019
In 1984 the parties purchased their marital home located at 29 Dorset Lane, Stamford for $135,000.00, using funds borrowed from the defendant's brother and a bank mortgage for $50,000.00. The plaintiff asserts the present value is $245,000.00 while the defendant states it to be $220,000.00. Since the plaintiff has been living in Texas and the defendant is a local contractor, the court accepts the defendant's assessment of value. The mortgage balance is about $43,600.00.
In 1987 the parties purchased 281 Washington Avenue, Stamford for $350,000.00 according to the plaintiff and for $250,000.00 or $240,000.00 according to the defendant. Neither party produced any records. The plaintiff claims the present fair market value to be $240,000.00 while the defendant claims it to be $200,000.00. The court finds the fair market value to be $220,000.00, subject to a mortgage of $230,000.00, leaving a negative value of $10,000.00. It is a three family tenement with a four car garage on a large lot, permitting the defendant to store his trucks and mason equipment. The premises generated $20,600.00 in gross rentals and a negative cash flow before depreciation. (Plaintiff's Exhibit #7, 1994 joint tax 1040, Schedule E).
The parties also purchased 223 Lenox Avenue, Bridgeport, a three family tenement that produced a negative cash flow in 1994 and which is now vacant. The plaintiff values it at $85,000.00 while the defendant values it at $65,000.00. The court accepts the defendant's figure as more realistic. The premises are subject to a mortgage of $109,000.00 creating a negative equity of $44,000.00. Each party blamed the other for this investment. The court finds they both must bear responsibility for their decision equally.
The defendant has a 1984 Mercedes 380SL he values at $7,500.00 and a 1981 Mercedes SE 4 door he values at $7,500.00. The plaintiff wants neither car. He also has three trucks he bought at auction and a Van. He has about $45,000.00 in accounts receivable due for work in 1995.
The plaintiff took $70,000.00 with her when she left for Texas of which $50,000.00 still remains. She bought a 1995 Chevrolet which she values at $10,000.00. It is free of lien.
The plaintiff is employed as a certified dental assistant working 30 to 32 hours weekly. Her affidavit lists net income of $1,200.00 monthly, or $280.00 weekly. CT Page 3020
The defendant's Schedule C for 1994 listed $55,000.00 gross income, truck and insurance expenses of $15,000.00 and, in round numbers the court arrives at $40,000.00 net profit, $16,000.00 of which is sheltered by real estate losses. The defendant lists $570.00 net weekly income for 1995 through the end of August which was not updated. The 1995 tax return is not prepared. Some of his business is done in cash. The court infers a net disposable weekly income of $600.00 for the defendant.
Neither party produced real estate appraisals. The plaintiff joined in the joint tax returns through 1994 and as bookkeeper is found to have actual knowledge of the defendant's cash flow and is held to be bound by the returns.
Both parties are in good health. The plaintiff is 8 years younger than the defendant. The plaintiff has the greater formal education and has mastered english, although both parties' native tongue is Polish. The defendant lapsed into his native tongue repeatedly while testifying with the assistance of an interpreter.
The plaintiff blamed the marriage breakdown on the defendant's physical abuse of her, his drinking to excess and his threats. The plaintiff called the police "once in 1986 to complain of his violence." Although the plaintiff testified the defendant threatened her with violence or death if she called the police again, the court notes that they launched both real estate investments in 1987, the following year, and the plaintiff actively participated in managing the rentals, dealing with tenants' complaints and visiting the premises regularly. The court does find that the plaintiff had good cause to leave after an incident in 1994. The defendant claimed she had threatened to bring a dissolution action five years ago. The court concludes that the marriage was deteriorating over the last several years. The defendant's demeanor on the witness stand convinces the court he has strong emotions which can erupt from the frustration of not being articulate about his marital problems. It does not excuse his behavior but gives some insight to its origin.
The plaintiff also dredged up a 1985 episode claiming she found him in bed with another woman. Since they continued to live together for several years thereafter as husband and wife, the court cannot infer this contributed to the breakdown.
The parties created their financial successes and failures CT Page 3021 together.
The plaintiff segregated $70,000.00 to herself. The defendant values his autos at $15,000.00, his accounts receivable at $45,000.00, and his business equipment at $5,000.00. He usually has some cash on hand, he claims $1,800.00 and the plaintiff said he customarily had around $5,000.00 or more. The court will allow the plaintiff to keep the $70,000.00 and the defendant to keep his autos, his accounts receivables, his business equipment and his cash on hand as an offset.
The three properties now have equity as follows:
 29 Dorset Lane $176,400.00 281 Washington Avenue (10,000.00) 223 Lenox Avenue (44,000.00) ---------- Net equity $122,400.00 ===========
The court finds that the defendant, as an experienced businessman, will have the greater opportunity to acquire assets in the future.
Having reviewed the evidence in light of the statutory criteria in §§ 46b-81 and 46b-82, the court enters a judgment of dissolution on the ground of irretrievable breakdown and issues the following orders:
1. The defendant shall pay child support weekly of $140.00 directly to the plaintiff. Based on the guidelines, since no Texas law was provided the court, this court can assume Connecticut and Texas laws are the same. This order is pursuant to our guidelines.
2. No periodic alimony is awarded.
3. The plaintiff shall furnish the medical insurance for the minor child and the parties shall divide equally any deductibles or uninsured bill balances pertaining to care for the child.
4. The defendant is awarded sole ownership of all real estate presently jointly owned. The plaintiff is given a lien upon 29 Dorset Lane, Stamford, Connecticut for $80,000.00 which the defendant shall arrange to pay to the plaintiff within 90 days. The judgment lien hereby awarded may be foreclosed if the payment CT Page 3022 is not made and no extension is granted by this court. All costs of foreclosure shall be borne by the defendant.
The defendant shall assume all mortgages, taxes, and claims of any nature pertaining to the three parcels and shall hold the plaintiff harmless and indemnified.
5. All other assets shall remain the property of the party now owning same.
6. The liabilities of each party as may now exist are to be paid by the party who has incurred same. The lump sum awarded the plaintiff in Paragraph #4 above encompasses her claim for reimbursement for her $6,000.00 hospital bill.
Counsel for the plaintiff shall prepare the judgment file and the judgment lien.
HARRIGAN, J.